1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JESSE L. YOUNGBLOOD,

11          Petitioner,              No. 2:11-cv-01223-LKK-DAD P

12      vs.

13   R.J. DONOVAN WARDEN,            FINDINGS AND RECOMMENDATIONS

14          Respondent.

15   _____/

16          Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Therein petitioner challenges his 2003 judgment of

18   conviction for second degree robbery entered against him in the Butte County Superior Court.

19   Respondent has moved to dismiss the pending federal habeas petition on the ground that it was

20   filed beyond the applicable one-year statute of limitations.[1]  Petitioner has filed an opposition to

21   the motion and respondent has filed a reply.

22   /////

23   /////

24   _____

25          [1]  Respondent also argues that claims four, ten and eleven of the petition should be
     dismissed because they are not cognizable.  The court will not address this argument since the the
26   statute of limitations is dispositive with respect to the pending motion.

                                            1

**BACKGROUND**

On June 12, 2003, following a jury trial, petitioner was convicted in the Butte County Superior Court of second degree robbery and grand theft.  (Lod. Doc. 1 and 2, lodged Jan. 31, 2012.)  Petitioner was sentenced to a term of thirty-three years to life imprisonment on the second degree robbery with a concurrent sentence of the same length on the grand theft, the latter of which was stayed.  (Id. at 1.)  On February 24, 2005, petitioner's grand theft conviction was reversed on appeal by the California Court of Appeal for the Third Appellate District.  (Lod. Doc. 2 at 1.)  The remainder of petitioner's judgment of conviction was affirmed by that court with no substantive change in petitioner's sentence .  (Id. at 3.)  Petitioner did not file a petition for review with the California Supreme Court.

On February 2, 2004, petitioner filed his first state habeas petition with the San Joaquin County Superior Court challenging his judgment of conviction as well as the conditions of his confinement at Deuel Vocational Institution and the Butte County Jail.[2]  (Lod. Doc. 3.)  On April 2, 2004, the San Joaquin County Superior Court ordered that petitioner challenge to his judgment of conviction entered in the Butte County Superior Court as well as his claims involving the conditions of his confinement at the Butte County Jail be transferred to the Butte County Superior Court.  (Lod. Doc. 4.)  On April 23, 2004, the Butte County Superior Court denied that habeas petition.  (Lod. Doc. 5.)

/////

/////

---

[2]  The court applies the mailbox rule in determining the date of filing of petitioner's state and federal habeas petitions.  See Houston v. Lack, 487 U.S. 266, 276 (1988); Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).  Under the mailbox rule, the Court deems petitions filed on the date the petitioner presumably handed his petition to prison authorities for mailing or the date the petition in question was signed by the petitioner.  The court notes that respondent has conceded that the mailbox rule applies for purposes of this motion to dismiss, while pointing out the lengthy delays between the date petitioner purportedly signed his habeas petitions and the dates those petitions were actually received for filing.  See Mot. to Dismiss (Doc. No. 19) at 2 n.2.

1    On January 9, 2006, petitioner filed his second state habeas petition with the

2    California Supreme Court.  (Lod. Doc. 6.)  On November 15, 2006, that petition was summarily

3    denied.  (Lod. Doc. 8.)

4    On February 27, 2011, petitioner filed his third state habeas petition with the

5    Butte County Superior Court.  (Lod. Doc. 9.)  On May 13, 2011, the petition was denied.  (Lod.

6    Doc. 10.)

7    The federal habeas petition now pending before this court was signed by petitioner

8    on April 12, 2011.  (Doc. No. 1 at 21.)

9                                    **PARTIES' ARGUMENTS**

10   **I. Respondent's Motion to Dismiss**

11   Respondent contends that petitioner's judgment of conviction became final on

12   April 5, 2005, when the forty-days for the filing of a petition for review with the California

13   Supreme Court expired.  (Doc. No. 19 at 3.)  Respondent argues that the one-year statute of

14   limitations for the filing of a federal habeas petition therefore began to run on April 6, 2005 and

15   expired on April 5, 2006, absent any tolling.  (Id.)

16   Respondent argues that there can be no tolling of the statute of limitations for the

17   time during which petitioner's first state habeas petition was pending before the Butte County

18   Superior Court (February 2, 2004 to April 23, 2004) because that petition was filed before the

19   statute of limitations for the filing of a federal petition began to run and therefore has no effect on

20   the timeliness of the pending federal petition.  (Id. at 4.)  Next, respondent argues that there can

21   be no tolling for the time period before petitioner sought habeas relief from the California

22   Supreme Court (April 5, 2005 to January 9, 2006) because no state court petition during that time

23   was pending as required for tolling by 28 U.S.C. § 2244(d)(2).  (Id. at 4.)  Thus, respondent

24   calculates that 278 days (April 6, 2005 to January 9, 2006) of the one-year statute of limitations

25   had expired before petitioner filed his habeas petition with the California Supreme Court.  (Id. at

26   5.)

1    Respondent concedes that there is tolling for the 311 days that petitioner's habeas

2    petition was pending before the California Supreme Court (January 9, 2006 to November 15,

3    2006).  (Id.)

4    Next, respondent asserts that there is no tolling for the 1,564 day interval between

5    the denial of petitioner's second habeas petition by the California Supreme Court and his filing of

6    his third state habeas petition with the Butte County Superior Court.  (Id.)  In this regard,

7    respondent argues that when petitioner filed his third state petition with the Butte County

8    Superior Court, he initiated a new round of collateral challenge to his judgment of conviction

9    which does not entitle him to tolling of the one year statute of limitations.  (Id. at 5-6.)

10    Based upon the contentions set forth above, respondent calculates that 278 days of

11    the statutory period elapsed before petitioner filed his January 9, 2006 habeas petition with the

12    California Supreme Court and another 1,564 days elapsed between the denial of that state habeas

13    petition and petitioner's filing of his February 27, 2011 habeas petition with the Butte County.

14    (Id. at 7.)  Respondent argues that the statute of limitations for petitioner's filing of a federal

15    habeas petition expired during that time.  (Id.)  Accordingly, respondent contends that even with

16    the benefit of 311 days of tolling, the federal petition now before the court was filed beyond the

17    governing one-year statute of limitations by over four years.  (Id.)

18    **II.  Petitioner's Opposition**

19    Petitioner has filed a two-page opposition to the pending motion to dismiss.

20    Therein he asserts without clarification that respondent's motion to dismiss is "inoperable,"

21    "contrary to law and irrelevant" and without legal basis.  (Doc. No. 24 at 1.)  Although not

22    entirely clear from his opposition, it appears that petitioner is asserting that his delay in filing his

23    federal habeas petition was due to his being transferred to different prisons and lock-downs at his

24    institutions of confinement.  (Id.)

25    /////

26    /////

4

**III. Respondent's Reply**

Respondent contends that petitioner has not disputed that his judgment of conviction became final on April 5, 2005 and that he pursued the three state habeas actions as set forth in the motion to dismiss.  (Doc. No. 25 at 2.)  Respondent argues that in petitioner's case periods of prison lockdowns and transfers do not justify equitable tolling of the one-year statute of limitations.  (Id. at 3.)  According to respondent, such circumstances are not extraordinary but are routine restrictions on prison life which a prisoner must take into account in pursuing federal habeas relief.  (Id. at 3-4.)  Respondent also argues that petitioner has not satisfied his burden of showing that he was diligent in pursuing his rights as required for equitable tolling of the statute of limitations.  (Id. at 4.)  Respondent concludes by arguing that the federal habeas petition filed with this court is untimely and should be dismissed.  (Id.)

**ANALYSIS**

**I.  The AEDPA Statute of Limitations**

On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by adding the following provision:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

/////

/////

1        (D) the date on which the factual predicate of the claim or
2        claims presented could have been discovered through the exercise
of due diligence.

3        (2) The time during which a properly filed application for State
post-conviction or other collateral review with respect to the
4        pertinent judgment or claim is pending shall not be counted toward
any period of limitation under this subsection.

The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed

after the statute was enacted and therefore applies to the pending petition.  See Lindh v. Murphy,

521 U.S. 320, 322-23 (1997).

## II. Application of § 2244(d)(1)(A)

As noted above, petitioner appealed from his judgment of conviction to the

California Court of Appeal for the Third Appellate District but did not thereafter petition for

review by the California Supreme Court.  Therefore his judgment of conviction became final on

April 5, 2005, forty days after the California Court of Appeal issued its opinion and when the

time for filing a petition for review had expired.  See Gonzalez v. Thaler, ___ U.S. ___, 132 S. Ct.

641, 654 (2012) (holding that where a state prisoner does not seek review in a State's highest

court, the judgment becomes "final" under §  2244(d)(1)(A) when the time for seeking such

review expires); see also Rules 8.264(b)(1)  & 8.500(d)(1) of the Cal. Rules of Court (Court of

Appeal decision becomes final thirty days after date it is issued and that a petition for review

must be filed within ten days after the Court of Appeal decision is final).  The AEDPA statute of

limitations period in this case therefore began to run the day after petitioner's conviction became

final, on April 6, 2005, and expired one year later on April 5, 2006.  Petitioner did not file his

federal habeas petition in this case until April 12, 2011, approximately five years later.

Accordingly, petitioner's federal petition for writ of habeas corpus is time-barred unless he is

entitled to the benefit of tolling.

/////

/////

1    **III.  Application of 28 U.S.C. § 2244(d)(2)**

2                "The time during which a properly filed application for State post-conviction or

3    other collateral review with respect to the pertinent judgment or claim is pending shall not be

4    counted" toward the AEDPA statute of limitations.  28 U.S.C. § 2244(d)(2).  The statute of

5    limitations for the seeking of federal habeas relief is not tolled during the interval between the

6    date on which a judgment becomes final and the date on which the petitioner files his first state

7    collateral challenge because there is no case "pending" during that period.  Raspberry v. Garcia,

8    448 F.3d 1150, 1153 n.1 (9th Cir. 2006); Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

9    Once a petitioner commences state collateral proceedings, a state habeas petition is "pending"

10   during one full round of review in the state courts, including the time between a lower court

11   decision and the filing of a new petition in a higher court, as long as the intervals between the

12   filing of those petitions are "reasonable."  Carey v. Saffold, 536 U.S. 214, 222-24 (2002).  See

13   also Evans v. Chavis, 546 U.S. 189, 193-94 (2006).

14               Here, petitioner's first state habeas petition which he filed with the San Joaquin

15   County Superior Court on February 2, 2004, does not operate to toll the federal statute of

16   limitations because it was filed before that limitations period began to run.  See Waldrip v. Hall,

17   548 F.3d 729, 735 (9th Cir. 2008) (noting that although the filing of a state habeas petition

18   "would otherwise have tolled the running of the federal limitations period, since it was denied

19   before the period had started to run, it had no effect on the timeliness of the ultimate federal

20   filing.").

21               Petitioner's second state habeas petition filed on January 9, 2006 with the

22   California Supreme Court did operate to toll the federal statute of limitations for the 310 days it

23   was pending before the California Supreme Court (January 9, 2006 to November 15, 2006).  This

24   tolling extended the time for petitioner's filing of a federal habeas petition from April 5, 2006 to

25   February 9, 2007.

26   /////

1    However, petitioner's third state habeas petition filed with the Butte County

2   Superior Court on February 27, 2011, clearly cannot serve to toll the federal statute of limitations

3   because it was filed approximately four years after the statute of limitations for the filing of a

4   federal petition had expired.  "[S]ection 2244(d) does not permit the reinitiation of the limitations

5   period that has ended before the state petition was filed."  Ferguson v. Palmateer, 321 F.3d 820,

6   823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).[3]

7    Therefore, the limited statutory tolling to which petitioner is entitled does not

8   render the pending federal habeas petition timely.  The court will therefore turn to the question of

9   whether petitioner has established that he is entitled to equitable tolling of the applicable statute

10   of limitations.

11  **IV.  Equitable Tolling**

12    The United States Supreme Court has confirmed that the AEDPA statute of

13   limitations "is subject to equitable tolling in appropriate cases."  Holland v. Florida, __ U.S. __,

14   ___, 130 S. Ct. 2549, 2560 (2010).  See also Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011);

15   Lakey v. Hickman, 633 F.3d 782, 784 (9th Cir. 2011); Porter v. Ollison, 620 F.3d 952, 959 (9th

16   /////

17   /////

18

19       [3]  In addition, the petition for habeas relief filed with the Butte County Superior Court on
    February 27, 2011, began a new round of state collateral review due both to the long length of
20   time between the California Supreme Court's denial of the habeas petition before it on November
    15, 2006 and the filing of the petition with the Butte County Superior Court on February 27,
21   2011, and because the third petition was filed in a lower state court.  See Banjo v. Ayers, 614
    F.3d 964, 968 (9th Cir. 2010) ("Only the time period during which a round of habeas review is
22   pending tolls the statute of limitations; periods between different rounds of collateral attack are
    not tolled."); Delhomme v. Ramirez, 340 F.3d 817, 820-21 (9th Cir. 2003) ("A round of
23   collateral review may begin at any level or even skip levels, but if there is any gap between the
    completion of one round of review and the commencement of another round of state habeas
24   review, the petitioner is not entitled to tolling during the gap."); Biggs v. Duncan, 339 F.3d 1045,
    1048 (9th Cir. 2003) (finding that petitioner "kicked off a new round of collateral review" when
25   he filed a non-ascending petition in the Superior Court and was "no longer pursuing his
    application for habeas relief up the ladder of the state court system"); see also Carey, 536 U.S. at
26   223 (holding that an application for post conviction relief is pending during the "intervals
    between a lower court decision and a filing of a new petition in a higher court").

8

1  Cir. 2010).[4]   Indeed, because § 2244(d) is not jurisdictional, it is "subject to a 'rebuttable

2  presumption' in favor of 'equitable tolling'" Holland, 130 S. Ct. at 2560 (quoting Irwin v. Dep't

3  of Veterans Affairs, 498 U.S. 89, 95-96 (1990)).  See also Lee v. Lampert, 653 F.3d 929, 933

4  (9th Cir. 2011) (en banc).

5          However, "a 'petitioner' is 'entitled to equitable tolling' only where he shows '(1)

6  that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

7  stood in his way' and prevented timely filing." Holland 130 S. Ct. at 2562 (quoting Pace v.

8  DiGuglielmo, 544 U.S. 408, 418 (2005)).[5]  See also  See also Doe, 661 F.3d at 1011; Lakey, 633

9  F.3d at 784; Porter, 620 F.3d at 959; Harris v. Carter, 515 F.3d 1051, 1054 (9th Cir. 2008);

10  Stillman v. LaMarque, 319 F.3d 1199, 1202 (9th Cir. 2003).  Thus, equitable tolling is

11  appropriate only when external forces, rather than a petitioner's lack of diligence, account for the

12  failure to file a timely petition.  See Velasquez v. Kirkland, 639 F.3d 964, 969 (9th Cir. 2011);

13  Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) (The petitioner must show that "the

14  extraordinary circumstances made it impossible to file the petition on time."); Miles v. Prunty,

15  187 F.3d 1104, 1107 (9th Cir. 1999).  To meet this standard a petitioner must demonstrate that

16  some extraordinary circumstance stood in his way of filing a timely federal habeas petition and

17  that any such extraordinary circumstance was the cause of his late-filed petition.  See Lakey, 633

18  F.3d at 786; Bryant v. Ariz. Atty. Gen., 499 F.3d 1056, 1061 (9th Cir. 2007); Allen v. Lewis, 255

19  F.3d 798, 800-01 (9th Cir. 2001).  It is the petitioner who bears the burden of demonstrating the

20  existence of grounds for equitable tolling.  See Pace, 544 U.S. at 418; Doe, 661 F.3d at 1011;

21  Roberts v. Marshall, 627 F.3d 768, 772 (9th Cir. 2010); Espinoza-Matthews v. California, 432

22

23          [4] The Ninth Circuit had previously so held.  See Ramirez v. Yates, 571 F.3d 993, 997
    (9th Cir. 2009); Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 n.2 (9th Cir. 2009);
    Calderon v. U.S. District Court for the Central District of California (Kelly), 163 F.3d 530, 541
24  (9th Cir. 1998) (en banc).

25          [5] "The diligence required for equitable tolling purposes is 'reasonable diligence' . . . not
    'maximum feasible diligence.'" Holland v. Florida, __ U.S. __, ___, 130 S. Ct. 2549, 2565
26  (2010).

1  F.3d 1021, 1026 (9th Cir. 2005); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

2          Courts are expected to "take seriously Congress's desire to accelerate the federal

3  habeas process." Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1289 (9th Cir.

4  1997), overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly), 163

5  F.3d 530 (9th Cir. 1998). See also Lakey, 633 F.3d at 786 ("The high threshold of extraordinary

6  circumstances is necessary 'lest the exceptions swallow the rule.'"); Porter, 620 F.3d at 959;

7  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) ("[T]he threshold necessary to trigger

8  equitable tolling [under the AEDPA] is very high, lest the exception swallow the rule.");

9  Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (describing the Ninth Circuit's standard as

10  setting a "high hurdle" to the application of equitable tolling). To this end, "the circumstances of

11  a case must be 'extraordinary' before equitable tolling can be applied[.]" Holland, 130 S. Ct. at

12  2564. Whether a party is entitled to equitable tolling "turns on the facts and circumstances of a

13  particular case." Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003) (quoting Fisher v.

14  Johnson, 174 F.3d 710, 713 (5th Cir. 1999)). See also Holland, 130 S. Ct. at 2565 (leaving "to

15  the Court of Appeals to determine whether the facts in this record entitle Holland to equitable

16  tolling, or whether further proceedings, including an evidentiary hearing, might indicate that

17  respondent should prevail"); Doe, 661 F.3d at 1012.

18          In conclusory fashion petitioner contends that his "delay" in filing his federal

19  habeas petition was due to prison transfers and his modified lockdown status. (Doc. No. 24 at 1.)

20  Petitioner provides no details as to his assertions in this regard and he has made no showing that

21  he was pursuing his rights diligently during the time between the denial of habeas relief by the

22  California Supreme Court on November 15, 2006 and the signing of the pending federal habeas

23  petition on April 12, 2011, a span of well over four years. Thus, petitioner has not met his

24  burden of demonstrating that he is entitled to equitable tolling of the one year statute of

25  limitations in this case.

26  /////

1    The court also notes that prison transfers and lockdowns, the reason for his delay

2    suggested by petitioner, are common prison limitations which do not normally provide grounds

3    for equitable tolling.  See Ramirez v. Yates, 571 F. 3d 993, 998 (9th Cir. 2009) ("petitioner's

4    four month stay in administrative segregation with limited access to the law library and a copier

5    did not justify equitable tolling because "[o]rdinary prison limitations on [one's] access to the

6    law library and copier (quite unlike the denial altogether of access to his personal legal papers"

7    were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely

8    manner."); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (rejecting argument that lack

9    of access to library materials automatically qualifies as grounds for equitable tolling); see also

10   Nelson v. Sisto, No. C-11-0313 EMC (pr), 2012 WL 465443, at *6 (N.D. Cal. Feb. 13, 2012)

11   (finding petitioner's allegations of prison lockdowns that lasted months at a time, including one

12   lockdown that lasted a year, were "nothing more than routine prison circumstances that most

13   habeas prisoners face and did not amount to extraordinary circumstances or make it impossible

14   for him to file on time."); Jackson v. Runnels, No. SACV 06-125-PSG (RNB), 2008 WL 936791,

15   at *24 n.33 (C.D. Cal. April 2, 2008) ("The Court notes that lockdowns and restrictions on law

16   library access are an ordinary incident of prison life, and do not generally qualify as an

17   'extraordinary circumstance' sufficient to equitably toll the statute of limitations for federal

18   habeas petitions."); Wilder v. Runnels, No. C031478 CRB(PR), 2003 WL 22434102, at *3 (N.D.

19   Cal. Oct. 22, 2003) ("[L]ockdowns, placement in administrative segregation/solitary

20   confinement, and other common restrictions on access to the law library and legal assistant [sic]

21   programs, generally do not qualify as 'extraordinary circumstances.'"); Lindo v. Lefever, 193 F.

22   Supp. 2d 659, 663 (E.D. N.Y. 2002) ("Transfers between prison facilities, solitary confinement,

23   lockdowns, restricted access to the law library and an inability to secure court documents do not

24   qualify as extraordinary circumstances.")

25   /////

26   /////

11

**CONCLUSION**

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondent's January 30, 2012 motion to dismiss the pending habeas petition as untimely (Doc. No. 19) be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner shall address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: August 3, 2012.

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
youn1223.mtd

12